DLM

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

**JOSEPH R. BALDINO,**
**Plaintiff**

v.

**TOURTELLOT & CO., INC.,**
**Defendants**

C.A. No. 07-
CA 07 398 ML

## COMPLAINT

### I. Introductory Statement

1. This is an action brought by the Plaintiff seeking declaratory and injunctive relief, attorney's fees and litigation expenses, compensatory damages, and other remedies against the Defendant for discrimination in employment in violation of the Family and Medical Leave Act, 29 U.S.C. §2601, *et seq.* ("FMLA") and the Rhode Island Parental and Family Medical Leave Act, R.I.G.L. §28-48-1, *et seq.* ("RIPFMLA").

### II. Parties

2. The Plaintiff is a resident of the City of Cranston, County of Providence, State of Rhode Island.

3. Defendant, Tourtellot & Co., Inc. ("Tourtellot"), is a corporation duly organized and incorporated pursuant to the laws of the State of Rhode Island, with a principal place of business located in the City of Warwick, Kent County, State of Rhode Island.

### III. Jurisdiction

4. This Court has jurisdiction pursuant to 28 U.S.C. §§1331 and 2617.

## IV. Venue

5. Venue is proper in this Court insofar as the Defendant is doing business and therefore is deemed to reside in the District of Rhode Island, in compliance with the requirements set forth in 28 U.S.C. §1391.

## V. Material Facts

6. In 2005, the Plaintiff was hired by Defendant Tourtellot as an order selector.

7. In October, 2006, the Plaintiff's wife began suffering from a serious illness.

8. As a result, between October, 2006 through January, 2007, the Plaintiff missed time from work to care for his wife.

9. At all relevant times, the Defendant was aware that Plaintiff was out of work to provide care for his spouse.

10. At all relevant times, the Plaintiff was eligible for and entitled to a medical leave of absence pursuant to Defendant Tourtellot's established policy.

11. At all relevant times, the Plaintiff was eligible for and entitled to the FMLA and the RIPFMLA medical leave.

12. That Defendant failed and/or refused to offer the Plaintiff a medical leave pursuant to the FMLA and/or the RIPFMLA.

13. On or about January 6, 2007, the Defendant terminated Plaintiff's employment position at Tourtellot on account of excessive absences from work.

14. On information and belief, Defendant's reason for Plaintiff's termination was pretextual.

15. That Plaintiff's termination from Defendant Tourtellot was, in whole or in part, in derogation of his right to a medical leave as provided pursuant to the FMLA, the RIPFMLA, and/or Defendant Tourtellot's established policy.

16. Defendant's wrongful and/or unlawful discriminatory acts and/or omissions, including, but not limited to, those described herein are in violation of the FMLA and the RIPFMLA, and were motivated by malice and ill will toward the Plaintiff, and the Defendant otherwise acted in bad-faith and/or with reckless indifference to the statutorily protected rights of the Plaintiff.

17. As a proximate result of Defendant's wrongful and/or unlawful discriminatory acts and/or omissions, including, but not limited to, those described herein, the Plaintiff has suffered and will continue to suffer loss of income and medical benefits, pain and suffering, and has incurred and will continue to incur expenses for legal services, and other great harm.

## VI. <u>Claims for Relief</u>

18. Plaintiff incorporates the allegations contained in ¶¶1 through 17 above in the counts set forth below.

### Count One
### Violation of Family and Medical Leave Act, 29 U.S.C. §2601, *et seq.*

19. Defendant, by its acts and/or omissions, including, but not limited to, those described herein, discriminated against the Plaintiff and violated the Plaintiff's statutory rights in violation of the FMLA, causing the Plaintiff to suffer damages as aforesaid, and thereby deprived the Plaintiff of rights secured under the FMLA.

**Count Two**
**Violation of Rhode Island Parental and Family Medical Leave Act, R.I.G.L. §28-48-1, *et seq.***

20. Defendant, by its acts and/or omissions, including, but not limited to, those described herein, discriminated against the Plaintiff and violated the Plaintiff's statutory rights in violation of the RIPFMLA, causing the Plaintiff to suffer damages as aforesaid, and thereby deprived the Plaintiff of rights secured under the RIPFMLA.

## VII. Prayers for Relief

**WHEREFORE**, Plaintiff prays that this Honorable Court grant the following relief:

1. A declaratory judgment declaring the acts and/or omissions of the Defendant complained of herein are in violation of the FMLA and the RIPFMLA.

2. An award of compensatory damages.

3. An award of liquidated damages pursuant to 29 U.S.C. §2617(a)(1).

4. An award of damages pursuant to R.I.G.L. 28-48-8.

5. An award of reasonable attorney's fees, expert witness fees, and costs of litigation pursuant to 29 U.S.C. §§2617(a)(3).

6. An award of such other and further relief as this Honorable Court deems just and proper.

## VIII. Demand for Jury Trial

Plaintiff hereby demands a trial by jury on all counts so triable.

## IX. Designation of Trial Counsel

Plaintiff hereby designates V. Edward Formisano, Esquire, as trial counsel.

Plaintiff,
By his attorney,
Sinapi, Formisano & Company, Ltd.

Dated: October 16, 2007

V. Edward Formisano (5512)
100 Midway Place, Suite 1
Cranston, RI 02920
(401) 944-9690
(401) 943-9040 (facsimile)