**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **JOSEPH R. BALDINO** | : | |
| **Plaintiff** | : | |
| | : | |
| **V.** | : | **C.A. No. 07-398ML** |
| | : | |
| | : | |
| **TOURTELLOT & CO., INC.** | : | |
| **Defendant** | : | |

# ANSWER TO COMPLAINT

## I. Introductory Statement

1. The allegations of paragraph 1 contain the recitations of the statutes under which the Plaintiff is filing this action and as such require no answer.

## II. Parties

2. The allegations of paragraph 2 are admitted.
3. The allegations of paragraph 3 are admitted.

## III. Jurisdiction

4. Defendant admits that the allegation purports to establish jurisdiction; however, Defendant denies that any of the cited statutes confer a cause of action in favor of Plaintiff against Defendant. To the extent that the allegations of paragraph 4 contain any claim of a violation of the statutes cited in that paragraph, the allegations are denied.

## IV. Venue

5. Defendant admits that the allegation purports to establish venue with this Court; however, Defendant denies that such allegation confers a cause of action in favor of Plaintiff against Defendant. To the extent that the allegations of paragraph 5 contain any claim of a violation of the statutes cited in the complaint, the allegations are denied.

## V. Material Facts

6. The allegations of paragraph 6 are admitted only in so far as they allege that the Plaintiff was hired on May 2nd 2005.

7. The allegations of paragraph 7 are neither admitted nor denied. Plaintiff is left to his proof.

8. The allegations of paragraph 8 are neither admitted nor denied. Plaintiff is left to his proof.

9. The allegations of paragraph 9 are denied.

10. The allegations of paragraph 10 are denied.

11. The allegations of paragraph 11 are denied.

12. The allegations of paragraph 12 are denied.

13. The allegations of paragraph 13 are admitted.

14. The allegations of paragraph 14 are denied.

15. The allegations of paragraph 15 are denied.

16. The allegations of paragraph 16 are denied.

17. The allegations of paragraph 17 are denied.

## VI. Claims for Relief

18. The Defendant's responses to paragraphs 1 through 17 of the Plaintiff's complaint are incorporated by reference.

## COUNT I

19. The allegations of paragraph 19 are denied.

## COUNT II

20. The allegations of paragraph 20 are denied.

WHEREFORE, Defendant prays this Honorable Court to dismiss all the allegations against Defendant contained in the Complaint and also to award costs and attorneys' fees to Defendant.

## FIRST AFFIRMATIVE DEFENSE

Defendant hereby gives notice of its intention to rely upon each and every affirmative defense that may be justified by the facts adduced during discovery and at trial and including without limitation:

1. Waiver.
2. Estoppel.
3. Unclean Hands.
4. Failure to mitigate damages.
5. Lack of standing to pursue some or all of his claims.
6. Failure to comply with necessary statutes or rules of limitation.
7. Defendant has acted in good faith.
8. Failure to exhaust remedies.
9. Failure to state a cause of action for which this court can grant relief.
10. Failure to comply with the requirements of the Family Medical Leave Act.

Respectfully submitted,
TOURTELLOT & CO., INC.
By Their Attorney:

___________________________________

JEFFREY W. KASLE, ESQ. (#2695)
St. Peter & Kasle Incorporated
Four Richmond Square
Providence, Rhode Island 02906
Tel. 401-453-4330
Fax. 401-453-4333
Email. jeff@stpeterandkasle.com

## CERTIFICATION

I hereby certify that a true copy of the within was mailed to V. Edward Formisano, Esq., Sinapi, Formisano & Company, Ltd., 100 Midway Place, Suite 1, Cranston, Rhode Island 02920 on this _____ day of November, 2007.

___________________________________